# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cv297-W[1]-02
# (3:06cr430-1-W)

| | |
|---|---|
| JOSEPH DiBRUNO, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before this Court on Respondent's Motion for Extension of Time, filed July 26, 2011 (Doc. No. 3); habeas counsel's Motion for Leave to Appear Pro Hac Vice, filed July 28, 2011 (Doc. No. 5); and Petitioner's Motion for Extension of Time to File Amended Motion and Memorandum of Law, also filed July 28, 2011 (Doc. No. 6).

Petitioner filed a pro-se Motion to Vacate on June 14, 2011[2] raising 12 claims of ineffective assistance of counsel. (Doc. No. 1). On June 21, 2011, the Court entered an Order directing a response from Respondent. (Doc. No. 2). Pursuant to that Order, Respondent was required to respond on or before August 4, 2011. (Id.). However, on July 26, 2011, Respondent timely filed a Motion for Extension of Time seeking an additional sixty days in which to respond to Petitioner's allegations. (Doc. No. 3). In support of that Motion, counsel for Respondent

---

[1] This case is assigned to the Honorable Frank D. Whitney, United States District Judge. However, the instant Order has been signed by the Honorable Graham C. Mullen, Senior United States District Judge, in Judge Whitney's absence. See 3:11mc67-W, Doc. No. 1.

[2] Although Petitioner's § 2255 Motion was received at the Court and filed by the Clerk on June 17, 2011, such document contains a certification that it was placed in Petitioner's Prison's mailing system on June 14, 2011. Therfore, pursuant to the "mail box" rule articulated by the Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), the Court will treat the Motion as having been filed on that earlier date.

asserts, inter alia, that she has requested affidavits from Petitioner's three former attorneys and such attorneys will need time to review the specific allegations against them in order to fully respond to them. (Id. at 1-2). Therefore, for good cause shown, Respondent's Motion for Extension of Time (Doc. No. 3) will be granted nunc pro tunc.

Next, on July 28, 2011, Attorney Seth Allen Neyhart filed a Motion seeking permission for Kenneth Scott Williamson to Appear Pro Hac Vice on behalf of Petitioner. (Doc. No. 5). The Court finds that such Motion is in conformity with Local Rule 83.1(B); therefore, said Motion will be granted.

Last, Attorney Neyhart has filed a Motion for Extension of Time to File Amended Motion and Memorandum of Law, also seeking a 60-day extension in which to file an amended Motion to Vacate and supporting memorandum. However, the Antiterrorism and Effective Death Penalty Act (the "AEDPA") imposes a 1-year statute of limitations period for filing a motion to vacate. Specifically, the AEDPA provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Fourth Circuit Court of Appeals affirmed Petitioner's convictions and sentences by opinion filed March 19, 2010.  United States v. DiBruno, 370 F. App'x 389 (March 19, 2010) (unpublished).  Petitioner then filed a Petition for Rehearing and Rehearing En Banc but the Circuit Court denied that Petition on April 26, 2010.  Petitioner did not seek certiorari review in the United States Supreme Court.  Giving Petitioner the benefit of all conceivable doubts, his Judgment became final 90 days after the Court of Appeals denied his Petition for Rehearing, that is, on July 26, 2010.  See Hibbs v. Winn, 542 U.S. 88, 97-98 (2004) (noting that timely filed petition for rehearing tolls the time for filing a certiorari petition); and Clay v. United States, 537 U.S. 522, 532 (2003)  (holding that a federal criminal judgment becomes final at expiration of period during which defendant could have filed certiorari petition).  Therefore, absent some additional intervening circumstance, Petitioner had up to and including July 26, 2011 in which to file all of his claims challenging his convictions and sentences.

Notably, counsel's Motion for Extension of Time was filed two days after the expiration of Petitioner's one-year deadline.  Furthermore, although that Motion indicates that counsel needs an extension of up to and including October 3, 2011 in which to prepare an amended Motion to Vacate, counsel does not give the Court any indication of the nature of his proposed claims.  Critically, counsel's Motion fails to indicate that any such amended claim will relate back to Petitioner's timely filed claims as would be required under Fed. R. Civ. P. 15 (c)(1).  Thus, in the absence of this necessary information, the Court cannot grant habeas counsel's Motion for Extension of Time.  Ultimately, the Court will deny the Motion without prejudice to habeas counsels' right to file a new motion providing all of the necessary information.

**NOW, THEREFORE, IT IS ORDERED that**:

1. Respondent's Motion for Extension of Time (Doc. No. 3) is **GRANTED nunc pro**

**tunc,** and Respondent shall have up to and including October 3, 2011 in which to file a response to Petitioner's Motion to Vacate;

2. Attorney Seth Allen Neyhart's Motion for Leave for Attorney Kenneth Scott Williamson to Appear Pro Hac Vice (Doc. No. 5) is **GRANTED** and Attorney Williamson shall, if he has not already done so, set up an ECF account with this Court; and

3. Petitioner's Motion for Extension of Time to File Amended Motion and Memorandum of Law (Doc. No. 6) is **DENIED without prejudice** to Petitioner's right to file a new motion for extension of time as previously explained by the Court.

Signed: August 8, 2011

Graham C. Mullen
United States District Judge